THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| Adrian Moreno,<br><br>　　　　　　　Plaintiff,<br>v.<br><br>Unique Plumbing LLC, a Utah Limited Liability Company; Steven Nielsen, an individual; and DOES 1 to 100,<br><br>　　　　　　　Defendant. | MEMORANDUM DECISION AND ORDER GRANTING IN PART MOTION TO TRANSFER TO SOUTHERN DIVISION<br><br>Case No. 2:24-cv-916 DBP<br><br>Chief Magistrate Judge Dustin B. Pead |

Before the court is defendant Unique Plumbing LLC's Motion to Transfer to the Southern Division.[1] Defendant Steven Nielsen filed a Motion for Joinder in the Motion to Transfer.[2] This is a request for an intra-district transfer only, rather than a transfer to another district as this case was originally filed in the Central Division of this court. For the reasons set forth herein, the court GRANTS the Motion IN PART.

## BACKGROUND

Plaintiff brings this matter claiming discrimination and retaliation in violation of 42 U.S.C. § 2000e and 42 U.S.C. § 1981. Plaintiff also claims violations of 29 U.S.C. §§ 206-207, and 215 for overtime and minimum wage violations. In essence, Plaintiff worked for Defendant Unique Plumbing and was subject to racist comments and jokes that were allegedly discriminatory in nature. When reported, Defendant failed to take appropriate corrective action and eventually, Plaintiff was terminated after threatening to bring a complaint with the EEOC

---

[1] ECF No. 12.

[2] ECF No. 14.

about the racial slurs and actions of Defendants. Plaintiff received a right to sue letter from the EEOC in November 2024 and then filed this matter on December 10, 2024.

This case was filed in the Central Division of this court. Defendants seek to transfer the matter to the Southern Division because this is where the events took place. Plaintiff is a resident of Washington County, and all members of the crew involved in Plaintiff's Complaint are also residents of Washington County.

## ANALYSIS

Defendants move to transfer this matter to the Southern Division of this court pursuant to 28 U.S.C. § 1404(a). Under § 1404(a), a district court may transfer an action "[f]or the convenience of parties and witnesses [and] in the interest of justice, … to any other district or division where it might have been brought or to any district or division to which all parties have consented."[3] "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'"[4] In considering a motion to transfer, a court weighs the following discretionary factors:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and[ ] all other considerations of a practical nature that make a trial easy, expeditious and economical.[5]

---

[3] 28 U.S.C. § 1404(a).

[4] *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S.Ct. 2239, 2244, 101 L.Ed.2d 22 (1988) (quoting *Van Dusen v. Barrack, Admin, etc., et al.*, 376 U.S. 612, 622, 84 S.Ct. 805, 812, 11 L.Ed.2d 945 (1964)).

[5] *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir.1991) (internal quotation marks omitted).

"The plaintiff's choice of forum receives less deference, …, if the plaintiff does not reside in the district."[6] "Courts also accord little weight to a plaintiff's choice of forum 'where the facts giving rise to the lawsuit have no material relation or significant connection to the plaintiff's chosen forum.'"[7] The "party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient."[8] "Merely shifting the inconvenience from one side to the other, however, obviously is not a permissible justification for a change of venue."[9]

The instant motion is different than the traditional §1404 motion to transfer because this is an intra-district transfer request and not a request to transfer to another district. There is no conflict of laws, questions about enforceability of a judgment, real differences arising from congested dockets, concerns about personal jurisdiction, or advantages of a local court determining questions of local law. Thus, these factors are all neutral in the court's transfer analysis.

Plaintiff's choice of the Central Division of this court, however, receives less deference here because Plaintiff was during the times alleged in the Complaint, a resident of Washington County in the Southern Division of this court. Further, there is nothing indicating Plaintiff does not still reside in Washington County. In addition, all members of the crew cited in Plaintiff's Complaint are also residents of Washington County, Utah, save for Mr. Diego Cruz who resides in Bunkerville, Nevada. Bunkerville, Nevada is closer to St. George, Utah, where the court usually holds matters for the Southern Division. The alleged discriminatory actions also took

---

[6] *Emps. Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1168 (10th Cir. 2010).

[7] *Id.* (quoting *Cook v. Atchison, Topeka & Santa Fe Ry. Co.*, 816 F.Supp. 667 ,669 (D. Kan. 1993)).

[8] *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir.1992) (internal quotation marks omitted).

[9] *Id.* at 966.

place in the Southern Division. The accessibility of witnesses and other sources of proof also all point to the Southern Division decreasing the costs of travel for in-person proceedings. In weighing the discretionary factors, the court finds they favor an intra-district transfer.

The cases relied on by Plaintiff in opposition to a transfer do not persuade the court otherwise. In *Mandel v. Hafermann, et al.*,[10] the court found that plaintiff's choice of forum was not afforded deference and granted the motion to transfer venue. *Chrysler Credit Corp. v. Country Chrysler, Inc.*,[11] set forth the factors the court has considered, and held a district court did not have jurisdiction to enter judgment against the defendants and impose Rule 11 sanctions after it had transferred the case. This court in *In re United States*,[12] held transfer of venue to the District of Arizona was not in the interest of justice or the convenience of the parties and witnesses. Here, the court concludes otherwise. And in *Mackay v. Marks*, the court rejected a request to dismiss the case based on the *forum non conveniens doctrine* under §1404. That court reasoned transferring the case merely shifted the inconvenience from one party to another. Here, the record indicates Plaintiff resides in the Southern Region so there is no shifting of inconvenience.

Finally, the court rejects Defendants' request in their motion to transfer this case to Judge Nuffer or Magistrate Judge Koehler, who "are familiar with the construction trade in Southern Utah and with the unique names and geographic locations in Washington County to which reference will often be made in discovery and at trial."[13] The undersigned regularly holds court in St. George, Utah in the Southern Region and will do so in this matter as needed.

---

[10] 2020 WL 2849928 (D. Utah June 2, 2020).

[11] 928 F.2d 1509 (10th Cir. 1991).

[12] 491 F. Supp. 3d 1036 (D. Utah 2020).

[13] Motion to Transfer to Southern Division at 4.

## ORDER

Accordingly, Defendants' Motion to Transfer is GRANTED IN PART. This matter is transferred to the Southern Region and matters may be heard in St. George, Utah. The case, however, remains with the undersigned.

IT IS SO ORDERED.

DATED this 18 March 2025.

_____
Dustin B. Pead
United States Magistrate Judge