THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| ADRIAN MORENO,<br><br>　　　　　　Plaintiff,<br>v.<br><br>UNIQUE PLUMBING LLC, a Utah LLC; STEVEN NIELSEN, an individual; and DOES 1 to 100, inclusive<br><br>　　　　　　Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:24-cv-0916-DBP<br><br>Chief Magistrate Judge Dustin B. Pead |

Before the court are two motions. Each of them relates to a subpoena Defendants served on Plaintiff's past employer, the University of Utah. Plaintiff moves the court under Federal Rules 45(d)(3) and 26(c) to quash the subpoena served on the University of Utah.[1] Defendants seek to compel production of the information sought in the subpoena.[2] As set forth herein, although certain evidence from the subpoena may not be admissible at trial, that does not prevent the discovery of the evidence during the discovery phase of the case. Accordingly, Defendants' Motion to Compel is granted and Plaintiff's Motion to Quash is denied.[3]

## BACKGROUND

Plaintiff brings this matter alleging discrimination, retaliation, and a failure to pay in violation of Title VII, 42 U.S.C. § 1981, and the Fair Labor Standards Act. Defendants served a Notice of Intent to Serve Subpoena on the University of Utah seeking Plaintiff's employment

---

[1] ECF No. 37. The parties in this matter consented to the undersigned conducting all proceedings in this civil action pursuant to 636(c) and DUCivR 72-4. ECF No. 23.

[2] ECF No. 49.

[3] The court elects to decide the motion based on the written memoranda. DUCivR 7-1(g).

records. The subpoena seeks the complete personnel file of Plaintiff including, *inter alia*, paystubs, disciplinary records such as written warnings and notes concerning performance issues, and any complaints or investigations. Specifically, the subpoena seeks from the University of Utah:

> 1. The complete personnel file of Mr. Moreno, SSN XXX-XX-5756, DOB December 21, 1981, including but not limited to:
>    a. Job application(s), resume(s), offer letter(s), or employment agreements.
>    b. Paystubs, wage summaries, or internal payroll reports showing compensation and deductions.
>    c. Any documents that explain or decode abbreviations or codes appearing on paystubs.
> 2. All disciplinary records, including:
>    a. Written warnings, counseling notes, or performance improvement plans (PIPs).
>    b. Emails or notes referencing performance issues or corrective actions.
>    c. Internal memoranda or reports concerning conduct or rule violations.
> 3. Any internal complaints, investigations, or HR notes involving or concerning Mr. Moreno, whether made by or about him.[4]

Defendants aver they are seeking this information based on the claims in this case and Plaintiff's testimony given during his deposition. At the deposition Plaintiff testified about his past employment with the University of Utah. Plaintiff resigned and during an interview with his boss Plaintiff "made a joke about [his] tattoos."[5] This necessitated a report from his boss to the Equal Employment Opportunity Commission. When asked about the report, Plaintiff responded that the report involved an incident where Plaintiff was the "victim of discrimination."[6] However, Plaintiff testified that he had not seen the report, but knew it was filed because he received a call from the EEOC concerning the report.

---

[4] Motion to Compel at 2-3, ECF No. 46.

[5] Deposition of Plaintiff attached as Exhibit 2 at 3, ECF 46-1.

[6] *Id.* at 3.

Plaintiff takes issue with the subpoena arguing he has standing to challenge the subpoena. Further, Plaintiff claims under Rule 26, the discovery sought is "cumulative, duplicative, irrelevant, not proportional, and embarrassing or harassing."[7]

## LEGAL STANDARDS

"The district court has broad discretion over the control of discovery ...."[8] Federal Rule of Civil Procedure 26(b) sets forth the general scope of discovery and permits parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case ...."[9] "Information within this scope of discovery need not be admissible in evidence to be discoverable."[10] Although the scope of discovery under the federal rules is broad, parties may not engage in a "fishing expedition" in an attempt to obtain evidence to support their claims or defenses.[11] Therefore, "the court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense...."[12]

Federal Rule of Civil Procedure Rule 45 governs the form and issuance of subpoenas and operates within the confines of Rule 26.[13] In certain circumstances the court must quash or modify a subpoena on a timely motion. These include if a subpoena: (1) fails to allow a reasonable time to comply; (2) is outside certain geographical limits; (3) requires the disclosure of privileged or other protected matter, presuming no exception or waiver applies; (4) subjects an

---

[7] Motion at 3, ECF No. 37.

[8] *Sec. & Exch. Comm'n v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010) (citations modified).

[9] Fed. R. Civ. P. 26(b)(1).

[10] *Id.*

[11] *Munoz v. St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1169 (10th Cir. 2000).

[12] Fed. R. Civ. P. 26(c)(1).

[13] *Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicecenter of Haverstraw, Inc.* 211 F.R.D. 658, 662 (D. Kan. 2003); *Rice v. United States*, 164 F.R.D. 556, 557 (N.D. Okla. 1995).

individual to undue burden or (5) requires the disclosure of a trade secret or other certain sensitive information.[14]

"Generally, a party does not have standing to object to a subpoena issued to a third party, unless the party challenging the subpoena has a personal right or privilege with respect to the subject matter sought by the subpoena."[15] However, "even where a party has standing to quash a subpoena based on privilege or a personal right, he or she lacks standing to object on the basis of undue burden and on the grounds of over [ ] br[eadth] and relevance."[16]

Although "[i]rrelevance [is] not contained within Rule 45's list of enumerated reasons for quashing a subpoena[,] [i]t is well settled [ ] that the scope of discovery under a subpoena is the same as the scope of discovery under Rules 26(b) and 34."[17] Thus, even in cases where a moving party lacks standing to challenge a third-party subpoena, the court may exercise its inherent authority to limit irrelevant or non-proportional discovery requests under Rule 26(b)(2)(C).[18]

---

[14] Fed. R. Civ. P. 45(d)(3)(A), (d)(3)(B).

[15] *Ennis v. Alder Prot. Holdings, LLC*, 2022 WL 4290099, at *2 (D. Utah Sept. 16, 2022) (quoting *First Am. Title Ins. Co. v. Nw. Title Ins. Agency, LLC*, No. 2:15-CV-00229, 2015 WL 6872333, at *3 (D. Utah Nov. 9, 2015)) (citation modified); *see also Richards v. Convergys Corp*., No. 2:05–CV–00790–DAK, 2007 WL 474012 (D. Utah Feb. 6, 2007); *Transcor, Inc. v. Furney Charters, Inc*., 212 F.R.D. 588, 590 (D. Kan. 2003); *Hertenstein v. Kimberly Home Health Care, Inc*.,189 F.R.D. 620, 635 (D. Kan. 1999).

[16] *Hutchinson v. Kamauu*, No. 2:20-CV-00796-RJS-DAO, 2022 WL 180641, at *2 (D. Utah Jan. 20, 2022) (quoting *Zoobuh, Inc. v. Rainbow Int'l Corp.*, No. 2:14-CV-00477, 2015 WL 2093292 at *2 (D. Utah May 5, 2015) (both involving post-judgment collection efforts, not requested discovery pre-judgment). However, *see also Sparkman v. Liberty Mut. Fire Ins. Co.*, No. CIV-20-710-R, 2021 WL 1646653, at *4 (W.D. Okla. Apr. 27, 2021) ("A party has no standing to attempt to quash a subpoena served on a third party except as to claims of privilege or upon a showing that a privacy interest is implicated."); *Scott v. Antero Res. Corp.*, No. 1:17-CV-00693-WJM-SKC, 2020 WL 7212169, at *2 (D. Colo. Feb. 6, 2020) ("Objections unrelated to a claim of privilege or privacy are not proper bases upon which a party may quash a third-party subpoena."); *Howard v. Segway, Inc.*, No. 11-CV-688-GKF-PJC, 2012 WL 2923230, at *2 (N.D. Okla. July 18, 2012) (same); *Richards v. Convergys Corp.*, No. 2:05-CV-00790-DAK, 2:05-CV-00812-DAK, 2007 WL 474012, at *1 (D. Utah Feb. 6, 2007) (same).

[17] *Stewart v. Mitchell Transp.*, No. 01-2546-JWL, 2002 WL 1558210, at *3 (D. Kan. July 11, 2022).

[18] Fed. R. Civ. P. 26(b)(2)(C)(iii) (explaining that the court "must limit the frequency or extent of discovery" if the court determines that the proposed discovery is outside the scope permitted by Rule 26(b)(1)); *see also Route App, Inc. v. Heuberger*, No. 2:22-CV-00291-TS-JCB, 2024 WL 309748, at *2 (D. Utah Jan. 26, 2024) (applying standards to respective motions to quash subpoenas).

## DISCUSSION

Plaintiff has demonstrated that he has a personal right or privilege to the information sought in the subpoenas.[19] The court is persuaded that the information sought, Plaintiff's employment records concern personal information that provides a basis for standing to challenge the subpoena. However, as this court previously held in another case, Plaintiff has not met his burden under Rule 45 of demonstrating that the disclosure of the requested information would be harmful.[20] Further, the court agrees with Defendants that the information sought is relevant under the broad standards of discovery at this point in the case. "Information within [the current] scope of discovery need not be admissible in evidence to be discoverable."[21] Contrary to Plaintiff's position, the court is not persuaded that Defendants are engaging in a fishing expedition. Plaintiff testified concerning a report filed with the EEOC during his past employment and could not provide much detail about the report during his deposition. The report pertains to issues that are also in the instant matter. Thus, there is a sufficient basis as to relevance to warrant the requested discovery. Further, the information here is protected by the court's protective order and there is no privilege that prevents its production. Contrary to Plaintiff's cited authority,[22] Defendants have met their burden to show the relevancy of the requested discovery.[23]

---

[19] *See, e.g., Hertenstein v. Kimberly Home Health Care, Inc.*, 189 F.R.D. 620, 635 (D. Kan. 1999) (noting a motion to quash "may only be made by the party to whom the subpoena is directed except where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena"); *Route App*, 2024 WL 309748, at *3 (finding the party "demonstrated that he has a personal right or privilege to the object of the subpoenas").

[20] *See Route App*, 2024 WL 309748, at *3.

[21] Fed. R. Civ. P. 26(b)(1)..

[22] *Cuthbertson v. Excel Indus.*, 179 F.R.D. 599, 603 (D. Kan. 1998).

[23] The court finds the other authority relied on by Plaintiff not persuasive to the current factual situation. The principles set forth in these cases ring true. Their application here however is different.

Finally, the University of Utah responded to Defendants' subpoena noting that the records are governed by the "Government Records Access and Management Act, Utah Code §§ 63G-2-101 to -901, as amended."[24] Under GRAMA, private records, such as those here, are not to be disclosed "[u]ntil the court or an administrative law judge orders disclosure."[25] The court orders the production of Defendants' requested discovery that will be protected by the protective order in this case.[26]

## ORDER

Based upon the forgoing, Plaintiff's Motion to Quash is DENIED.[27] Defendants' Motion to Compel is GRANTED.

IT IS SO ORDERED.

DATED this 27 October 2025.

_____
Dustin B. Pead
United States Magistrate Judge

---

[24] Letter from the University of Utah regarding the subpoena at 1, ECF No. 46-3.

[25] Utah Code §§ 63G-2-207(2)(a)(ii).

[26] As noted by the University of Utah and Defendants, certain information possessed by the University of Utah regarding Plaintiff such as his name, gender, job title(s), gross compensation, job description(s), business addresses and business telephone numbers are available to the public

[27] The court also denies Plaintiff's request for a protective order and finds no basis to award attorney fees. Thus, these additional requested reliefs are denied.