THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| ADRIAN MORENO,<br><br>                    Plaintiff,<br>v.<br><br>UNIQUE PLUMBING LLC, a Utah LLC; STEVEN NIELSEN, an individual; and DOES 1 to 100, inclusive<br><br>                    Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:24-cv-0916-DBP<br><br>Magistrate Judge Dustin B. Pead |

Before the court is Plaintiff's Motion for Discovery on Defendant's Financial Condition and for Attorney Fees.[1] Plaintiff seeks discovery regarding Defendant's financial condition based on the request for production of documents and on the claim for punitive damages. As set forth below, discovery is broadly construed at this phase of the case and given the protective order in this case, the court orders that the discovery should be produced.

## BACKGROUND

Plaintiff brings this matter alleging discrimination, retaliation, and a failure to pay in violation of Title VII, 42 U.S.C. § 1981, and the Fair Labor Standards Act. Plaintiff makes two requests for punitive damages in his Complaint. First, punitive damages are sought for the First and Second Causes of Action for discrimination and retaliation in violation of Title VII, 42 U.S.C. § 2000e-2. Plaintiff seeks "punitive damages in an amount to be determined by the jury."[2]

---

[1] ECF No. 47. The parties in this matter consented to the undersigned conducting all proceedings in this civil action pursuant to 28 U.S.C. § 636(c), Fed. R. Civ P. 73, and DUCivR 72-4. ECF No. 23.

[2] Complaint at 12.

Second, punitive damages are sought as to the Third and Fourth Causes of Action for discrimination and retaliation in violation of 42 U.S.C. § 1981. Using the same language Plaintiff requests "punitive damages in an amount to be determined by the jury."[3]

Plaintiff served two requests for production of documents that relate to its claims for punitive damages. Request number 33 seeks

> Financial records showing all profits, expenses, revenue that YOU have earned and/or expended for year 2024 including, but not limited to, balance sheets, profit and loss statements, income statement, cash flow statements, statement of shareholder equity, costs of sales, and financial statement benefits.[4]

Request number 34 requests

> Financial records showing all profits, expenses, revenue that YOU have earned and/or expended for year 2025 including, but not limited to, balance sheets, profit and loss statements, income statement, cash flow statements, statement of shareholder equity, costs of sales, and financial statement benefits.[5]

Defendant objected to both requests on the grounds that "such discovery is premature, overbroad, unduly burdensome, and not presently relevant to any claim or defense under Fed. R. Civ. P. 26(b)(1)."[6] And although Plaintiff seeks punitive damages, "Defendant asserts that no prima facie showing has been made to justify pretrial discovery of financial information. Courts in the District of Utah, including *Pipkin v. Acumen*, 2020 WL 2043534, at *2 (D. Utah 2020), have held that such discovery is not warranted absent a prima facie case for punitive damages."[7]

---

[3] *Id.* at 13.

[4] Plaintiff's Request for Production of Documents, Set Two at 5, ECF No. 47-1.

[5] *Id.*

[6] Defendant Unique Plumbing LLC's Response to Plaintiff's Request for Production of Documents, Set Two at 2, ECF No. 47-2.

[7] *Id.*

Plaintiff seeks answers to the two requests and attorney fees and costs for bringing the motion.

## DISCUSSION

"The district court has broad discretion over the control of discovery ...."[8] Federal Rule of Civil Procedure 26(b) sets forth the general scope of discovery, which provides

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.[9]

As noted by both parties, this court considered both (1) the relevance of financial information and (2) the timing of its production, in relation to the issue of punitive damages in *Pipkin v. Acumen*.[10] The *Pipkin* court found the financial information relevant but as for the second question as to when it should be produced, "'the law is less settled about the appropriate time for discovery of a defendant's financial information.'"[11] "When a punitive damages claim has been asserted by the plaintiff, a majority of federal courts permit pretrial discovery of financial information of the defendant without requiring plaintiff to establish a prima facie case on the issue of punitive damages."[12] "However, some federal courts have not allowed pretrial

---

[8] *Sec. & Exch. Comm'n v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010) (citations modified).

[9] Fed. R. Civ. P. 26(b)(1).

[10] 2020 WL 2043534 (D. Utah 2020).

[11] *Id.* at *2 (quoting *James v. Heuberger Motors*, Inc., No. 10-CV-01648-CMA, 2011 WL 334473, at *2 (D. Colo. Jan. 28, 2011)).

[12] *Mid Continent Cabinetry, Inc. v. George Koch Sons, Inc.*, 130 F.R.D. 149, 151, 1990 WL 31427 (D. Kan. 1990) (collecting cases).

discovery of financial information when a punitive damages claim has been asserted."[13] And as a third variant, other courts have permitted pretrial discovery of a defendant's financial information only when a plaintiff shows that their "claim for punitive damages is not spurious."[14]

Here the court finds the financial information sought by Plaintiff is relevant to the issue of punitive damages. The second question, when the discovery should be produced and what showing is required before it is produced, is not as clear under the law. After reviewing the array of cases addressing the issue, the *Pipkin* court determined that plaintiffs "should establish a prima facie case for punitive damages"[15] before discovery regarding a defendant's financial information may be obtained. In contrast, the Kansas District court in *Mid Continent Cabinetry, Inc.* that was cited by *Pipkin*, held after reviewing the cases that "plaintiff need not establish a *prima facie* case on the issue of punitive damages before it can obtain pretrial discovery of defendant's financial statements and tax returns."[16] And the *James* court from the District of Colorado, cited to by *Pipkin*, found "that it is most appropriate to allow discovery of financial information upon a prima facie showing that a plaintiff will be entitled to punitive damages should he or she succeed on the merits of his or her claim."[17]

As expected, the parties disagree on the second question. Plaintiff urges the court to apply the less heightened "not spurious" standard arguing it is met in this case. Defendant on the other hand, points to the prima facie standard used by the *Pipkin* court and others, arguing Plaintiff has

---

[13] *Id.*(collecting cases).

[14] *James*, 2011 WL 334473, at *2 (quoting *Britton v. Car Toys, Inc.*, No. 05-CV-00726-WYD-PAC, 2007 WL 1395290, at *3 (D. Colo. May 9, 2007)) (collecting cases).

[15] *Pipkin*, 2020 WL 2043534, at *2.

[16] *Mid Continent Cabinetry, Inc. v. George Koch Sons, Inc.*, 130 F.R.D. at 152.

[17] *James* 2011 WL 334473, at *3.

not made a prima facie case for punitive damages. Thus, financial discovery at this point is improper.

After reviewing the cases cited by the parties, the court holds that Plaintiff does not need to establish a prima facie case on the issue of punitive damages before it can obtain pretrial discovery of Defendant's financial records. This is based on three reasons. First, despite the decision in *Pipkin*, the majority of federal courts permit pretrial discovery of financial information of a defendant "*without requiring plaintiff to establish a prima facie case on the issue of punitive damages*."[18] Second, the reasoning relied on by courts not requiring a prima facie showing is persuasive. "[K]nowledge of defendant's net worth will be of value to both sides in making a realistic appraisal of the case, and may lead to settlement and avoid protracted litigation."[19] This court and other federal courts strongly encourage and actively seek to promote settlement of cases as evidenced by the Federal Rules and their application.[20] The *Pipkin* court noted this same reasoning in permitting financial discovery.[21] And third, requiring a party to establish a prima facie case applies more to the admissibility of evidence about financial status and not its discoverability. This distinction is aligned with Rule 26 because at this stage of the case, the "discoverability of information is governed by whether it would be relevant, not by whether the information discovered would be admissible at trial."[22] Taken together the better

---

[18] *Mid Continent Cabinetry*, 130 F.R.D. at 151 (emphasis added).

[19] *Id.*

[20] For example, both Fed. R. Civ. P. 68 regarding offers of judgment and Fed. R. Evd. 408 making evidence of settlement offers or negotiations inadmissible to prove liability promote settlement.

[21] *Pipkin*, 2020 WL 2043534, at *2 ("Additionally, the court finds that 'knowledge of [D]efendant's net worth will be of value to both sides in making a realistic appraisal of the case, and may lead to settlement and avoid protracted litigation.'") (quoting *Mid Continent Cabinetry*, 130 F.R.D. at 152).

[22] *Id.*

approach is to allow the financial discovery without requiring a prima facie showing. Thus, the court will grant Plaintiff's request for the discovery and overrule Defendant's objection.

Next, Defendant's overbroad and unduly burdensome objections are not persuasive. The discovery sought is limited to 2024 and 2025 and is directed toward punitive damage claims. The "mere fact that production of documents or other discovery may be inconvenient does not constitute a valid basis to refuse producing the documents".[23] And, any privacy concerns, which do exist in financial information, are addressed by the protective order in this case.

Finally, Plaintiff seeks attorney fees and costs for bringing this motion. Under Rule 37(a)(5) of the Federal Rules of Civil Procedure, if a motion is granted, or if the requested discovery is provided after a motion was filed, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."[24] However, a court may not order the payment of expenses if (i) the movant filed the motion before attempting in good faith to obtain the disclosure without court action; (ii) the opposing party's nondisclosure was substantially justified; or (iii) other circumstances make an award of expenses unjust.[25] Here, the court is not persuaded that attorney fees and costs are warranted because of the divergence in authority addressing the subject of financial discovery and its timing. Defendant's opposition was substantially justified under this variety of authority.

---

[23] *Id.*

[24] Fed. R. Civ. P. 37(a)(5).

[25] *See id.*

## CONCLUSION

Based upon the foregoing, Plaintiff's Motion for Discovery on Defendant's Financial Condition is GRANTED. Defendant is to provide the requested discovery within twenty-one (21) days from the date of this order.

IT IS FURTHER ORDERED that Plaintiff's Motion for attorney fees and costs is DENIED.

IT IS SO ORDERED.

DATED this 27 February 2026.

_____
Dustin B. Pead
United States Magistrate Judge