THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| ADRIAN MORENO,<br><br>　　　　　　　Plaintiff,<br>v.<br><br>UNIQUE PLUMBING LLC, a Utah LLC; STEVEN NIELSEN, an individual; and DOES 1 to 100, inclusive<br><br>　　　　　　　Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:24-cv-0916-DBP<br><br>Magistrate Judge Dustin B. Pead |

Before the court is Defendant Unique Plumbing LLC's Motion for fees based on Plaintiff's counsel's failure to proceed with the deposition of Uniquhjkle Plumbing's corporate representative Adam Nielsen.[1] For the reasons discussed herein, the Motion is granted in part.[2]

## BACKGROUND

On May 16, 2025, Plaintiff served a notice of deposition for Adam Nielsen on Unique Plumbing's counsel via email. Defendant's counsel prepared Mr. Nielsen for the deposition and on the day it was scheduled they showed up at Plaintiff's counsel's offices. After arriving for the deposition, Plaintiff's counsel informed Defendant's counsel that the deposition would not go forward. Nothing prior to this time, such as a phone call or email, was provided to Defendant's counsel regarding the cancellation. Based on this failure Defendant seeks reimbursement for three things: (1) Unique Plumbing's attorney fees preparing for the deposition; (2) the time spent

---

[1] Motion for Sanctions and to Recover Fees for Plaintiff's Failure to Proceed with Noticed Deposition, ECF No. 53.

[2] The parties in this matter consented to the undersigned conducting all proceedings in this civil action pursuant to 28 U.S.C. § 636(c), Fed. R. Civ P. 73, and DUCivR 72-4. ECF No. 23.

by Defendant's counsel driving to the deposition, waiting at Plaintiff's counsel's offices for it to be canceled, and driving back; and (3) Defendant's attorney fees in bringing the instant motion.

Plaintiff's counsel "acknowledges that the deposition of Adam Nielsen did not proceed as scheduled."[3] However, Plaintiff avers the circumstances do not warrant the severe sanctions or an award of fees to the level sought by Defendant.

## ANALYSIS

Federal Rule of Civil Procedure 30 provides that the court "may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent."[4] The Rule further provides that an attorney may "recover reasonable expenses for attending, including attorney's fees, if the noticing party failed to attend and proceed with the deposition."[5]

Federal Rule of Civil Procedure 37(a)(5) applies to an award of expenses under Rule 30. Under Rule 37(a)(5) of the Federal Rules of Civil Procedure, if a motion is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."[6] Yet, a court may decline to order the payment of expenses if (i) the movant filed the motion before attempting in good faith to obtain the disclosure without court action; (ii) the opposing party's nondisclosure was substantially justified; or (iii) other circumstances make an award of expenses unjust.[7]

---

[3] Plaintiff's Response to Defendants' Motion to Recover Fees at 1, ECF No. 55.

[4] Fed. R. Civ. P. 30(d)(2).

[5] *Id*. at 30(g)(1).

[6] Fed. R. Civ. P. 37(a)(5).

[7] *See id.*

In opposing Defendant's Motion, Plaintiff provides "Plaintiff did not explicitly state that the deposition would be cancelled; however, …. It seemed evident that proceeding with the deposition was not possible." This assumption by Plaintiff's counsel is unjustified. The court is not persuaded by Plaintiff's argument that because Mr. Nielsen's role with Defendants is exclusively financial, and Plaintiff did not have all the financial documents it sought, then Plaintiff was justified in not moving forward with the deposition without informing Defendant's counsel beforehand. This is not an excuse for failing to send a simple communication notifying opposing counsel of the intent to postpone the deposition. Based on the facts before it, the court finds there was a clear lack of communication by Plaintiff's counsel that could have prevented the unfortunate series of events. As such, pursuant to Rule 30 an appropriate sanction is warranted. The question remaining therefore is what constitutes an appropriate sanction under the circumstances before the court?

The court finds that although unfortunate and avoidable, the circumstances here do not warrant the level of sanctions sought by Defendant's counsel. The actions by Plaintiff's counsel were not in bad faith but were more inadvertent and thoughtless in nature. Further, the preparation of Mr. Nielsen for the deposition will not be entirely wasted as Plaintiff intends to depose him at a future date. The court therefore awards Defendant 1/3 of the 8.45 hours of deposition preparation sought to be reimbursed. This equates to $834.67 based on Defendant's counsel's original requested amount of $2504. Because Plaintiff's counsel could and should have spared Defendant's counsel the trip to Plaintiff's counsel's offices and waiting in those offices for the deposition to be cancelled, the court awards Defendant reasonable expenses to cover the

travel to and from Plaintiff's counsel's offices and time spent there.[8] This equates to $693.75. Finally, the court awards Defendant reasonable expenses for preparing the instant motion. Defense counsel is to submit to the court within seven days a detailed affidavit setting forth the awarded deposition prep time, travel time as awarded, and the reasonable time spent in preparing the current motion. Plaintiff's counsel may respond to Defendant's counsel's affidavit within an additional seven days after Defendant's counsel provides the affidavit to the court.[9]

## CONCLUSION

In summary, Defendant's Motion is granted in part and denied in part. The court awards Defendant $1,528.42 in fees and costs plus the reasonable expenses incurred in bringing the instant Motion. After reviewing the affidavit that Defendant's counsel has been ordered to file, the court will enter a final total.

IT IS SO ORDERED.

DATED this 2 March 2026.

_____
Dustin B. Pead
United States Magistrate Judge

---

[8] *See, e.g., Barrett v. Brian Bemis Auto World*, 230 F.R.D. 535, 537 (N.D. Ill. 2005) (awarding travel expenses for a deposition that was cancelled without proper notice to the opposing party).

[9] Plaintiff's response must not exceed 500 words, exclusive of caption and signature block and must not include any additional exhibits.