THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| ADRIAN MORENO,<br><br>Plaintiff,<br>v.<br><br>UNIQUE PLUMBING LLC, a Utah LLC; STEVEN NIELSEN, an individual; and DOES 1 to 100, inclusive<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO COMPEL<br><br>Case No. 2:24-cv-0916-DBP<br><br>Magistrate Judge Dustin B. Pead |

Plaintiff Adrian Moreno moves to compel the deposition of Adam Nielsen under Local Rule 37-1(b) and Fed. R. Civ. P. 37(a)(1). Moreno also seeks attorney fees and costs in bringing this motion. As set forth herein, the court will deny the Motion.

As the backdrop for this dispute, Plaintiff first served a deposition notice for Nielsen on May 16, 2025. Plaintiff also sought financial records that, according to Plaintiff, were necessary to move forward with the deposition. Defendants declined to provide the records and Plaintiff failed to show up at the scheduled deposition. The court resolved the issues that arose from that deposition in a prior order.[1]

On February 27, 2026, the court granted Plaintiff's Motion for financial documents compelling Defendants to produce the financial records.[2] On June 8, 2026, Plaintiff's counsel wrote regarding Plaintiff's intent to again notice the deposition of Nielsen.[3] On June 17, 2026,

[1] Memorandum Decision and Order dated March 2, 2026, ECF No. 66.

[2] Memorandum Decision and Order dated May 27, 2026, ECF No. 65.

[3] Exhibit 2 to Plaintiff's Motion to Compel, ECF No. 81-2.

Plaintiff noticed the deposition of Nielsen for July 8, 2026.[4] The deposition did not go forward, and in opposition to the current motion, Defendants provide that they first saw the notice as part of Plaintiff's current motion filed on June 17, 2026.

**ANALYSIS**

At the outset, the parties disagree over which standard applies to the current motion. Plaintiff points to Local Rule 37-1(b) and Federal Rules 26(b)(1), and 37(a)(1). These Rules pertain to discovery and compelling discovery. Defendants, on the other hand, argue Plaintiff's reliance on these Rules is misplaced and the court should consider Federal Rules 6 and 16 as the appropriate standard. A review of the record in this case leads the court to the appropriate standard.

The court commends the parties' good faith settlement efforts, which have prompted several scheduling modifications. These modifications have primarily extended expert discovery and dispositive motion deadlines.[5] Fact discovery, however, closed on December 5, 2025.[6] Because Plaintiff seeks to depose Nielsen past this deadline, the court agrees with Defendants. The standards set forth in Federal Rules 6 and 16 must be addressed before reaching the discovery rules under Federal Rules 26 and 37. In short, the court must first determine whether to amend the scheduling order to allow the deposition.

To successfully amend the schedule after a deadline has passed, a party must show both good cause and excusable neglect.[7] Federal Rule of Civil Procedure 6(b) provides that a court

---

[4] Exhibit 1 to Plaintiff's Motion to Compel, ECF No. 81-1.

[5] *See, e.g.,* Order granting Motion for Amended Scheduling Order, ECF NO. 70; Order granting Motion to Amend Scheduling Order, ECF No. 79; Order granting Third Motion for Amended Scheduling Order, ECF No. 86.

[6] Order granting stipulated Motion to Amend Scheduling Order dated May 27, 2025, ECF No. 36.

[7] *See Am. Cas. Co. v. Lighthouse Safety, LLC*, No. 2:22-CV-301, 2024 WL 1214068, at *3 (D. Utah Mar. 21, 2024) (applying good cause and excusable neglect where a party sought to take an additional fact deposition after the

may "for good cause" extend time to complete an act, but once the time to complete that act has expired, as it has here, the requesting party must establish "excusable neglect" for failing to act on time.[8] The Tenth Circuit has applied a four-factor analysis to determine excusable neglect. The four factors are (1) the danger of prejudice to the nonmoving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was in the reasonable control of the movant; and (4) whether the movant acted in good faith.[9]

Here, Plaintiff expressed the desire to depose Nielsen but failed to timely follow through on those intentions. Plaintiff did not attend the first noticed deposition. Nor did Plaintiff seek to extend the fact discovery cutoff so Nielsen could be deposed.

Considering the aforementioned factors, the court finds that overall, they weigh in favor of denying the Motion. First, the court agrees with Plaintiff that any prejudice is minimal. Defendants have had knowledge of Plaintiff's intent to depose Nielsen and have prepared Nielsen previously for the failed deposition making any future preparation less burdensome. The primary problem, however, is delay in the case and additional costs imposed on Defendants. This, however, is not enough to create prejudice. This factor weighs in favor of finding excusable neglect.[10]

---

deadline); *Campbell v. Olson Assocs. P.C.,* No. 2:23-CV-00914, 2025 WL 3443539, at *3 (D. Utah Dec. 1, 2025) (applying the good cause standard for modifying a scheduling order).

[8] Fed. R. Civ. P. 6(b)(1)(B).

[9] *Miller v. Power*, No. 2:20-cv-00210, 2023 WL 6976602, at *1 (D. Utah Oct. 23, 2023) (unpublished) (citing *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 391, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)).

[10] *See id*. 2023 WL 6976602, at *2.

Next, discovery closed on December 5, 2025, and six months passed until on June 8, 2026, Plaintiff reiterated the intent to depose Nielsen. Such a delay is much longer than those allowed by the Supreme Court in *Pioneer*,[11] or this court in *Miller*.[12] The length of delay here weighs heavily against finding excusable neglect.

Third, there is no reason in the record for the delay. Plaintiff did not seek an extension of discovery, or any agreement with Defendants to depose Nielsen after the discovery cutoff. The Tenth Circuit noted that when determining excusable neglect "a court may take into account whether [a] mistake was a single unintentional incident (as opposed to a pattern of deliberate dilatoriness and delay), and whether the attorney attempted to correct his action promptly after discovering the mistake."[13] Further, the Tenth Circuit recognized that an isolated mistake "could occur in any attorney's office, no matter how well run."[14] Here, there is no mistake as to scheduling and a reoccurring interest in deposing someone, without more, is not enough. This factor weighs against finding excusable neglect.

Finally, the court considers whether the movant acted in good faith. There is no indication of bad faith in the record. Rather, it appears that Plaintiff was careless, engaged in dilatoriness, or simply disregarded deadlines in hopes of settling the matter. This same type of carelessness was manifested in missing the original scheduled deposition of Nielsen where a simple email or phone call could have prevented the misunderstanding. Because there is no manifest bad faith, this factor leans toward finding excusable neglect.

---

[11] 507 U.S. at 386 (finding excusable neglect of a twenty-day delay);

[12] 2023 WL 6976602, at *2 (finding a sixteen-day delay permissible).

[13] *Jennings v. Rivers*, 394 F.3d 850, 857 (10th Cir. 2005).

[14] *Id.* at 852 (quoting D G Shelter Products Co. v. Forest Products Co., 769 F.2d 644, 645 (10th Cir. 1985)).

Given this analysis, it appears there is a tie as to the factors regarding excusable neglect. Yet not all factors need to be considered equally. In *Corel Software, LLC v. Microsoft Corp*,[15] the movant sought to reopen discovery two years after it had closed to conduct a deposition which had been foreseeable throughout the discovery period. Applying the factors under Rule 16, this court rejected the request finding "foreseeability and diligence weigh heavily against reopening discovery."[16] Similarly, the length of the delay here and the lack of any justifiable reason for that delay, weigh heavily against reopening discovery and lead to finding a lack of excusable neglect.

Finally, even if the court were to find excusable neglect, that would not end the analysis. Plaintiff must still meet the requirements of Rule 16(b)(4) of the Federal Rules of Civil Procedure, which provides that a scheduling order "may be modified only for good cause and with the judge's consent."[17] While the "good cause" and "excusable neglect" standards are related, they are not identical. Demonstrating good cause under Rule 16 "requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay."[18]

As found previously, the record fails to demonstrate that Plaintiff has been diligent in meeting the deadlines and there is no adequate explanation for the delay. Thus, a brief review of the requirements of Rule 16, also leads to a denial of Plaintiff's Motion.[19]

---

[15] No. 215CV00528JNPPMW, 2019 WL 581800 (D. Utah Feb. 13, 2019).

[16] *Id.* at *2.

[17] Fed. R. Civ. P. 16(b)(4).

[18] *Strope v. Collins*, 315 F. App'x 57, 61, 2009 WL 465073, at *3 (10th Cir. 2009) (quoting Fed. R. Civ. P. 16(b)(4)).

[19] Courts generally consider the *Smith* factors in determining whether to reopen discovery under Federal Rule 16. These are

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in

**CONCLUSION**

Plaintiff's Motion to Compel the deposition of Adam Nielsen is DENIED.

IT IS SO ORDERED.

DATED this 18 August 2026.

Dustin B. Pead
United States Magistrate Judge

light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987); *see also Campbell v. Olson Assocs. P.C.,* No. 2:23-CV-00914, 2025 WL 3443539 (applying the *Smith* factors). The court need not engage in a lengthy analysis of the *Smith* factors given the facts of this case and its prior findings.